# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MARION LINDSEY**, on behalf of himself and others similarly situated, <br> 12 NW Avenue <br> Willard, Ohio 44890 <br><br> Plaintiff, <br><br> vs. <br><br> **RUSK INDUSTRIES, d/b/a EVERDRY WATERPROOFING,** <br> c/o Kenneth Rusk <br> 2930 Centennial Rd. <br> Toledo, Ohio 43617 <br><br> Defendant. | CASE NO. 1:17-cv-1308 <br><br> JUDGE <br><br><br> **COLLECTIVE ACTION COMPLAINT** <br><br> JURY DEMAND ENDORSED HEREON |

Plaintiff, Marion Lindsey, on behalf of himself and all others similarly situated, brings this action against Defendant, Rusk Industries, d/b/a EverDry Waterproofing (the "Defendant"), and alleges the following based on personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of

himself and other "similarly-situated" persons who may join this case pursuant to § 216(b) ("Potential Opt-Ins").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff was a citizen of the United States. Plaintiff worked for Defendant in Bucyrus, Ohio, as a non-exempt employee from February 2016 to May 2017.

6. Defendant is a corporation formed under the laws of the State of Ohio. It has appointed Kenneth Rusk, 2930 Centennial Rd., Toledo, Ohio 43617, as its statutory agent for service of process.

7. Defendant's principal place of business is located at 1825 Mansfield Street, Bucyrus, Ohio 44820.

## FACTUAL ALLEGATIONS

### Defendant's Status As an "Employer"

8. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. Defendant's non-exempt employees included Plaintiff and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b).

10. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Defendant's Business**

11. Defendant is a waterproofing company that provides basement waterproofing services to residential customers throughout Ohio

**Non-Exempt Employees' Compensation**

12. Plaintiff and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b) are current or former non-exempt employees of Defendant who were not paid any or all of their overtime compensation for all hours worked in excess of forty (40) in one workweek.

13. Plaintiff and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b) frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA.

**Defendant's Failure to Pay Overtime Compensation**

14. The FLSA required Defendant to pay overtime compensation to its non-exempt employees.

15. Defendant paid Plaintiff and the Potential Opt-Ins a day-rate. Defendant failed to pay Plaintiff and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b) any or all of their overtime compensation for hours worked in excess of forty (40) per workweek in violation of the FLSA and Ohio law.

16. Defendant's failure to pay Plaintiff and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b) any or all of their overtime compensation for hours worked in excess of forty (40) per workweek was willful.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

18. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

19. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All present and former non-exempt employees of Defendant during the period three years preceding the commencement of this action to the present who were not paid any or all of their overtime compensation during any workweek in which they worked more than forty 40 hours.

20. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for hours worked in excess of forty (40) in one, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

21. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

22. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 40 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain,

pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## COUNT ONE
### (FLSA Overtime Violations)

23. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached hereto as **Exhibit A**.

25. The FLSA requires that non-exempt employees be paid overtime compensation for all hours worked in excess of forty (40) in the workweek.  Plaintiff and the Potential Opt-Ins should have been paid overtime compensation for all hours worked in excess of forty (40) hours per workweek.

26. Defendant did not pay Plaintiff and the Potential Opt-Ins any or all of their overtime premium for hours worked in excess of forty (40) in one workweek.  By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

27. As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b); and

D. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

NILGES DRAHER LLC

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Michaela M. Calhoun (0093546)
7266 Portage Street, NW
Suite D
Massillon, Ohio 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com
mcalhoun@ohlaborlaw.com

*Counsel for Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

/s/ *Hans A. Nilges*
Hans A. Nilges

*Counsel for Plaintiff*